UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:93-CR-77-DBH-02 |
| ) | |
| JEFFREY SCOTT HUNTER, ) | |
| ) | |
| DEFENDANT/PETITIONER ) | |

ORDER ON PETITIONER'S MOTION TO VACATE SENTENCE

Is federal armed bank robbery a crime of violence within the meaning of 18 U.S.C. § 924(c)(3), given the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), declaring the residual clause of the Armed Career Criminal Act unconstitutionally vague?  I follow the recent decisions of the Fourth and Seventh Circuits and the District of New Hampshire concluding that, even after <u>Johnson</u>, federal armed bank robbery is a crime of violence because, independent of any residual clause language, it qualifies under the so-called force clause of the statute.

FACTS AND PROCEDURAL BACKGROUND

In 1994, a federal jury convicted the defendant of federal armed bank robbery and conspiracy, and of using and carrying a firearm during a crime of violence, as well as being a felon in possession of a firearm.  I imposed a mandatory five-year consecutive sentence for the use-and-carry conviction (consecutive to a sentence of 210 months on the other convictions), as section

924(c)(1)(A)(i) & (D)(ii) demanded.  After <u>Johnson</u>, Hunter filed a motion under 28 U.S.C. § 2255 attacking the five-year consecutive sentence.

### STATUTES

Title 18 U.S.C. § 924(c)(1)(A) requires an additional five-year prison term for anyone who uses or carries a firearm "during and in relation to any crime of violence."[1]  For purposes of that provision,

> [T]he term "crime of violence" means an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

<u>Id</u>. § 924(c)(3).  Subsection (A) is called the force clause of the definition; subsection (B), the residual clause.  The "crime of violence" in this defendant's case was the federal armed bank robbery.  A conviction of federal armed bank robbery applies to:

> (d) [w]hoever, in committing, or in attempting to commit, any offense defined in subsection[ ] (a) . . . assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device . . . .

18 U.S.C. § 2113(d).  The offense "defined in subsection (a)" extends to anyone, armed or unarmed, who:

> (a) . . . by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of,

---

[1] The statute also refers to one "who, in furtherance of any such crime, possesses a firearm."  18 U.S.C. § 924(c)(1)(A).  Hunter was not indicted or convicted under that language, and it would make no difference to the analysis in any event.

>>any bank, credit union, or any savings and loan association . . . .

Id. § 2113(a).[2]

In Johnson, 135 S. Ct. at 2563, the Supreme Court found unconstitutionally vague the residual clause (the portion italicized below) of the Armed Career Criminal Act that defined "violent felony" as

>>any crime punishable by imprisonment for a term exceeding one year . . . that—
>>(i)   has an element the use, attempted use, or threatened use of physical force against the person of another; or
>>(ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(b) (emphasis added).

That is the context for this dispute. The defendant argues that Johnson's treatment of the section 924(e)(2)(B) residual clause controls here and invalidates his consecutive sentence under section 924(c)(3)(B)'s similarly worded residual clause; the government disagrees.

## ANALYSIS

As I said in United States v. Pomerleau, No. 2:07-CR-115-DBH, 2016 WL 6471202, at *2 (D. Me. Nov. 1, 2016), "[m]uch ink has been spilled on whether Johnson controls crime-of-violence definitions that, like this one, are similar but

---

[2] The parties purport to disagree whether this is a "divisible" statute in the sense of Descamps v. United States, 133 S. Ct. 2276 (2013). Gov't's Mot. for Summ. Dismissal of Mot. to Vacate Sent. (ECF No. 183) at 9; Def.'s Reply to Gov't's Resp. (ECF No. 190) at 3-6. But their disagreement over the divisibility rubric is immaterial. They both agree that the extortion element is not in play, and they both offer arguments addressing the statutory language of "intimidation" as well as "by force and violence." The cases I cite subsequently in text, such as United States v. Armour, 840 F.3d 904, 907-10 (7th Cir. 2016), demonstrate persuasively why even intimidation passes muster under the force clause, because it is grounded in the threat of physical force.

not quite identical to the Armed Career Criminal Act provision. I see no reason to add to that outpouring of words." As in Pomerleau, the First Circuit has not spoken, but both the Seventh and Fourth Circuits as well as the District of New Hampshire have held squarely, post-Johnson, that federal bank robbery, armed or unarmed, categorically and constitutionally qualifies as a crime of violence under section 924(c)(3). They do so on account of subsection (A), the so-called force clause. United States v. Armour, 840 F.3d 904, 907-10 (7th Cir. 2016)(holding that even *attempted* federal bank robbery satisfies the force clause, and dealing with both unarmed and armed bank robbery); United States v. McNeal, 818 F.3d 141, 151-57 (4th Cir. 2016) (same, with regard to the completed offense of unarmed bank robbery); United States v. Chasse, No. 15-CV-473-PB, 2016 WL 4926154, at *4-5 (D.N.H. Sept. 15, 2016) (same with regard to armed bank robbery, and relying on an earlier post-Johnson ruling that federal unarmed bank robbery satisfies the Armed Career Criminal Act's elements clause, Kucinski v. United States, No. 16-CV-201-PB, 2016 WL 4444736 (D.N.H. Aug. 23, 2016), appeal docketed, No. 16-2305 (1st Cir. Oct. 27, 2016)). The parties have cited no directly contrary rulings.

I find the reasoning of these cases persuasive. Because this defendant's conviction for armed bank robbery unquestionably satisfies the force clause for the reasons those cases articulate, I do not decide whether section 924(c)(3)'s residual clause is unconstitutional after Johnson.

## CONCLUSION

As a result, the defendant's motion to set aside his five-year consecutive sentence is **DENIED**.[3]

I **GRANT** a certificate of appealability to Hunter on the following question: Whether, post-<u>Johnson</u>, federal armed bank robbery constitutionally qualifies as a crime of violence under 18 U.S.C. § 924(c)(3).

**SO ORDERED.**

**DATED THIS 6TH DAY OF DECEMBER, 2016**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because I decide this petition on the merits, I do not address the government's alternative procedural default arguments.